## DICK v. KNOPERBAUM.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

1. MASTER AND SERVANT ⊜⟶351—WORKMEN'S COMPENSATION ACT—ELECTION OF REMEDY.

Under Workmen's Compensation Act (Consol. Laws, c. 67) § 11, authorizing an injured employé to claim compensation under the act or to bring an action for common-law damages, the recovery, where the employé elects the latter alternative, is not limited to the rate of compensation fixed by the Compensation Act.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⊜⟶351.]

2. MASTER AND SERVANT ⊜⟶278(1)—INJURIES TO SERVANT—ACTIONS—EVIDENCE.

In an action for injuries to an employé, where the testimony as to how the accident occurred is entirely unintelligible, and no inference can be drawn that it occurred through any negligence of defendant or any other person, a judgment for plaintiff will be reversed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 957; Dec. Dig. ⊜⟶278(1).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Dick against Isidore Knoperbaum.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Henry Waldman, of New York City, for appellant.
Theodore Arnold, of New York City, for respondent.

LEHMAN, J.   [1] The plaintiff has recovered a judgment for the sum of $150 for injuries suffered while in the defendant's employ. The action is brought under section 11 of the Workmen's Compensation Act.   The plaintiff under that section has an alternative remedy; he may claim compensation under the act or he may bring an action for damages.   In the present case the plaintiff has evidently chosen the second alternative, and he is entitled, upon proof that the injuries occurred through the defendant's negligence, to a judgment for common-law damages.   The contention of the defendant that in this action the plaintiff is confined to the rate of compensation fixed by the Workmen's Compensation Act is without merit.

[2] The plaintiff must, however, prove that the injuries occurred through the negligence of the defendant.   In this case the testimony of how the accident occurred is entirely unintelligible, and no inference can be drawn that it occurred through any negligence on the part of the defendant or any other person.

It follows that the judgment must be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.   All concur.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes